E. T. BERRY *v.* PHILIP SPENCE ET UX.

**Descent and Distribution—Acquiescence by One Heir in Application of Legacy.**
The erection of a building on property held by a legatee, with a reversion to remaindermen, out of funds belonging to the legatee in fee simple, and without objection is held to enure to the benefit of the trust.

**Same.**
Such legatee cannot afterwards cause a sale of the property for a division of the proceeds.

APPEAL FROM CAMPBELL CIRCUIT COURT.

June 3, 1869.

OPINION OF THE COURT BY JUDGE HARDIN:

Amongst other real estate conveyed by Frederick Wise as execu-

tor and trustee under the will of James T. Berry, deceased, to Virginia for life, remainder to her heirs at law, was the property in controversy, part of a lot in the City of Newport.

Other estate was devised to her and directed to be vested in her in *fee simple*. After her arrival at twenty-one yearst of age, and before her marriage, Albert. S. Berry, who had become the administrator *de bonis non* with the will annexed of James T. Berry, deceased, expended about $4300 of the estate directed to be vested absolutely in her, in erecting a house on said lot for her and with her consent as appears from the testimony of A. S. Berry and a written statement of said Virginia. She having afterwards intermarried with Philip Spence, they brought this suit alleging a misappropriation of funds in building the house and praying a sale of it, for the purpose of restoring the amount so invested to Mrs. Spence as her general estate, and relieving it from the restriction of a life estate only, under which she held the lot.

The court adjudged a sale of the property according to the prayer of the petition and from that judgment E. T. Berry, an infant, by his guardian *ad litem,* and contingently interested as a tenant of the property in remainder, prosecutes this appeal.

The only question to be determined seems to be whether said Virginia Berry was bound by the legal effect of the application of her money to the purpose of improving property in which she had only an estate for life. She was of full age, and appears to have sanctioned and directed the appropriation made of her money by the administrator, who appears to have acted in good faith and it seems to us the arrangement was binding upon her and that the judgment of the court is therefore erroneous.

Wherefore the judgment is reversed and the cause remanded with directions to vacate the sale which appears to have been made to Spence, and dismiss the petition.

*Hallam, for appellant.*

*Hodge, for appellees.*